

# NUMBER 13-22-00137-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ADAM J. VILLANUEVA,                                                                  Appellant,

v.

LAZARUS ENERGY HOLDINGS, LLC,                                          Appellee.

---

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Order Per Curiam**

Appellant Adam J. Villanueva sued appellee Lazarus Energy Holdings, LLC on January 30, 2020, asserting a claim of negligent undertaking arising out of a workplace accident. On October 28, 2021, Lazarus filed a motion for summary judgment. Villanueva then filed an amended petition on December 13, 2021, asserting additional causes of action against Lazarus for premises liability and ordinary negligence. The trial court

granted Lazarus's summary judgment motion, and Villanueva asserts on appeal that the trial court erred in doing so.

Generally, an appeal may only be taken from a final judgment, unless an interlocutory appeal is authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205.

The judgment on appeal states, in its entirety, as follows:

On this 2nd day of February, 2022[,] came to be heard Defendant's Traditional and No Evidence Motion for Summary Judgment. After examination of the evidence and hearing arguments of counsel the court hereby decrees as follows:

It is ADJUDGED AND DECREED that Plaintiff Adam J. VILLANUEVA[] take nothing against Defendant LAZARUS ENERGY HOLDINGS, LLC on all claims asserted herein. Costs of court are taxed against the party incurring them[.]

SIGNED THIS 9th day of March, 2022.

Although the judgment was clearly intended to dispose of Villanueva's negligent undertaking claim, it is unclear whether it was also intended to dispose of Villanueva's claims for premises liability and ordinary negligence, which were first raised after Lazarus filed its summary judgment motion and were not explicitly addressed in that motion.

In light of the foregoing, we hereby ABATE the appeal and REMAND the cause to the trial court for clarification as to the finality of the judgment. Within thirty (30) days from the date of this order: (1) the trial court shall render a modified judgment clearly and unequivocally stating whether the judgment disposes of all pending claims and parties and is final and appealable; and (2) the trial court clerk shall cause a copy of the modified

2

judgment to be included in a supplemental clerk's record and filed with the Clerk of this Court. The appeal will be reinstated upon receipt of the modified judgment or upon further order of this Court.

PER CURIAM

Delivered and filed on the
17th day of January, 2023.